[Cite as *State v. Crabtree*, 2019-Ohio-3686.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2018-CRB-900 |
| | : | |
| SANDRA M. CRABTREE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . .

ROGER A. STEFFAN, Atty. Reg. No. 0086330, Assistant Prosecuting Attorney, Champaign County Municipal Court, 205 South Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

ANDREA G. OSTROWSKI, Atty. Reg. No. 0075318, 20 South Main Street, Springboro, Ohio 45066
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Sandra Crabtree appeals from her conviction for petty theft. Crabtree contends that the State did not present evidence sufficient to support the conviction and that the conviction was against the manifest weight of the evidence.

{¶ 2} We conclude that the State presented evidence upon which a rational trier of fact could rely to find that all the essential elements of theft were proven. We further conclude that the jury did not lose its way or create a miscarriage of justice in giving more credence to the testimony of the State's witnesses than it did to Crabtree's testimony.

{¶ 3} Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 4} On September 28, 2018, Crabtree was arrested for shoplifting after failing to pay for two shirts she had placed in her purse while shopping at WalMart. Crabtree was charged by complaint with one count of theft in violation of R.C. 2913.02(A)(1), a first degree misdemeanor. A jury trial was conducted in December 2018.

{¶ 5} At trial, the State presented the testimony of Laura Fabian, a loss prevention associate at WalMart in Urbana. Fabian testified that she received special training for her position and that she had been employed in loss prevention for more than two years. According to Fabian, she was working on September 28, 2018, when she noticed Crabtree, who was accompanied by her children, opening packages of curtains. Fabian testified that this type of behavior caught her attention because people try to move more expensive items into packaging for less expensive items. Fabian testified that she followed Crabtree for the remainder of her time in the store. Fabian testified that the children appeared well-behaved.

{¶ 6} Fabian testified that she followed Crabtree into the women's clothing section, where she observed Crabtree pick up two tank-top shirts and place them on her purse in the basket of her shopping cart. Fabian testified that Crabtree then walked over to an aisle in the grocery department. At that point, an assistant manager was also observing Crabtree. Fabian observed Crabtree look around, and then put the two shirts into her purse. Crabtree then went to the register area where she paid for the remaining items in her cart. Fabian then watched Crabtree begin to exit the store. Noting that Crabtree did not pay for the shirts, Fabian intercepted her and escorted her to the loss prevention office. Fabian testified that when Crabtree removed the shirts from her purse, she stated that she had been having trouble with her children, who had been fighting. Fabian called law enforcement.

{¶ 7} The State also presented the testimony of Joseph Gregory, an assistant manager at the Urbana WalMart. Gregory testified that he was also trained in loss prevention and that he was working on the day Crabtree was in the store. Gregory testified that he was called by Fabian to aid in following Crabtree through the store. Gregory also observed Crabtree conceal the shirts in her purse and attempt to leave the store without paying for the shirts. Gregory testified that, after Crabtree was escorted to the office, she stated that she had put the items in her purse because her children were misbehaving. Gregory stated that Crabtree's children appeared "very well behaved."

{¶ 8} Finally, the State presented the testimony of Urbana Police Officer Tyler Reasor. Reasor testified that he was dispatched to the Urbana WalMart on a call regarding shoplifting. He testified that, when he arrived, he went to the loss prevention office where he met Crabtree and informed her of her rights. He testified that Crabtree

admitted that she had put the items in her purse and that she had walked past the point of sale. Reasor testified that Crabtree informed him that she had been distracted by her children and forgot that she had put the shirts in her purse.

{¶ 9} At the close of the State's case, Crabtree made a Crim.R. 29 motion seeking acquittal. The trial court overruled the motion.

{¶ 10} Crabtree then testified on her own behalf. She testified that she had a prior felony theft conviction in 2017. She further testified that she was in WalMart for approximately two hours and that she had her three children, ages eight, four and three, with her. Crabtree testified that she suffers from anxiety that "gets out of control" in public places. She further testified that, although she was accustomed to her children "bickering" and "begging for stuff," that "all three of them were talking at the same time, and I was already overwhelmed. And I was just - - my mind was elsewhere, just every - - everywhere." Tr. 123. Crabtree also testified that she argued with her daughter regarding the child's sweater; the child was hot and took the sweater off. She testified that the child then threw the sweater into the shopping cart. Crabtree testified that she told her daughter that she needed "to put it back on, carry everything we brought in, like put it back on. And she would not – would not listen." Tr. 125.

{¶ 11} Crabtree testified that the shirts were a "compulsive purchase" and that she had enough money to pay for them. She testified that she had no intent to steal the shirts and that what occurred was an accident. Crabtree testified that she did not remember placing the shirts in her purse. Crabtree testified that she carried a large purse that had a center divider; her wallet stays one side of the purse, and she did not see the shirts when she removed her wallet from her purse. She then testified that she thought she

had put her daughter's sweater in her purse and that even if she had felt clothing when she reached for her wallet, she would have assumed it was the sweater. Crabtree testified that the shirts were similar in texture and color to her daughter's sweater.

{¶ 12} The jury convicted Crabtree of the theft charge. The trial court sentenced Crabtree to 180 days in jail with 170 days suspended. The trial court also ordered Crabtree to pay a fine and court costs.

{¶ 13} Crabtree appeals.

## II. Sufficiency and Manifest Weight Analysis

{¶ 14} Crabtree asserts the following as her first and second assignments of error:

THE TRIAL COURT ERRED WHEN [IT] OVERRULED APPELLANT'S MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CHARGE AGAINST APPELLANT.

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 15} In both her assignments of error, Crabtree challenges the evidence presented by the State and contends that the evidence did not support a conviction for theft.

{¶ 16} A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Williams*, 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996). A sufficiency of the evidence analysis focuses upon whether the prosecution presented adequate evidence to sustain the verdict, viewing such evidence in the light most

favorable to the prosecution. *State v. Radford*, 2d Dist. Clark No. 2016-CA-80, 2017-Ohio-8189, ¶ 14. The prosecution has presented sufficient evidence when "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 17} A manifest weight analysis, in contrast, requires an appellate court to review the record, weigh the evidence and any reasonable inferences allowed by the evidence, consider witness credibility, and determine whether the trier of fact, in resolving any evidentiary conflicts, "clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered." *Radford* at ¶ 15. This consideration of the evidence must be exercised with caution so that a new trial will only be granted "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1st Dist. 1983). Though different legal concepts are involved, if it is concluded that a verdict is supported by the manifest weight of the evidence, the evidence, by necessity, is legally sufficient. *Id.* at ¶ 16.

{¶ 18} Crabtree was convicted of theft in violation of R.C. 2913.02(A)(1), which states that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]" "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

R.C. 2901.22(B).

**{¶ 19}** Crabtree did not deny that she took the shirts without paying for them. However, she argues that she did not intend to steal the shirts and that doing so was an accident. She claims that the State did not present any evidence to rebut her claim of accident and argues that "if [the] mere placing [of] an item into a purse demonstrates mental state, then [an affirmance of the conviction will] effectively nullify the affirmative defense of accident."

**{¶ 20}** This argument necessarily hinges upon witness credibility. Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). A trier of fact is "free to believe all, part, or none of the testimony of each witness and to draw reasonable inferences from the evidence presented." *State v. Fields*, 2d Dist. Clark No. 2016-CA-76, 2017-Ohio-7745, ¶ 42, citing *State v. Baker*, 2d Dist. Montgomery No. 25828, 2014-Ohio-3163, ¶ 28. This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. *State v. Bradley*, 2d Dist. Champaign No. 97-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

**{¶ 21}** Thus, the jury was not required to accept Crabtree's testimony that taking the shirts without paying for them was an accident. Indeed, the jury was entirely within its rights to find that the evidence presented negated Crabtree's claim of accident. There was competent, credible evidence indicating that Crabtree placed the shirts on top of her purse in the cart and that she later looked around before placing them in her purse just

prior to leaving the store. The fact that Crabtree looked around at her surroundings just before placing the shirts in her purse was enough to permit a rational juror to infer that she intended to hide the shirts from view.

{¶ 22} Based upon this record, we cannot say that the jurors lost their way in concluding that Crabtree intended to take the shirts without paying for them. Therefore, we conclude that the theft conviction was not against the manifest weight of the evidence, and, as such, the conviction was supported by sufficient evidence. Accordingly, both of Crabtree's assignments of error are overruled.

### III.    Conclusion

{¶ 23} Both of Crabtree's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Roger A. Steffan
Andrea G. Ostrowski
Hon. Gil S. Weithman