[Cite as *State v. Hayes*, 2024-Ohio-5119.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29968 |
| | : | |
| v. | : | Trial Court Case No. 23-CRB-1525 |
| | : | |
| GARY HAYES | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 25, 2024

. . . . . . . . . . .

JEFFREY T. GRAMZA, Attorney for Appellant

KELLY COLLINS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Gary Hayes appeals from his conviction in the Dayton Municipal Court for domestic violence. He argues that the trial court committed

reversible error when it denied his Crim.R. 29 motion for acquittal. Because we conclude that reasonable minds could have come to different conclusions as to whether the victim was a household member of Hayes based on the trial testimony, we affirm the judgment of the trial court.

## I. Background Facts and Procedural History

{¶ 2} On May 6, 2023, Karen W. ("Karen") called the police after hearing her neighbor F.G. yelling, "Stop, let go of my hair!" Upon hearing the shouting, Karen peered through their shared privacy fence and saw F.G. running away from and being pulled and struck by Hayes. At around this same time, Karen's son, Michael, who resided in an adjacent upstairs apartment and was also neighbors with F.G., heard noise coming from F.G.'s backyard while he was sitting on his second-floor deck.

{¶ 3} The police were dispatched to F.G.'s residence in response to Karen's call. After their arrival, Hayes was detained by the police in the backyard. Officer Zachary Faltys spoke to F.G. and noticed that the left side of her face was red and her arms and upper chest were scraped and bruised. Officer Faltys took F.G.'s statement and photographs of her injuries.

{¶ 4} Following this incident, Hayes was arrested and charged with domestic violence, assault, and aggravated menacing, all misdemeanors of the first degree. He pleaded not guilty, and the matter proceeded to a jury trial.

{¶ 5} At trial, Karen testified that she had lived at her residence since 2010 and had known F.G. for those years as a neighbor. Karen believed that Hayes was F.G.'s "boyfriend" and had observed Hayes at the residence for approximately 13 years, mowing

the lawn, going to the store with F.G., and visiting the neighbor across the street. Michael also testified that, since 2018 when he moved into his apartment, he too had observed Hayes coming to and from the residence, taking out the trash, mowing the grass, and handling groceries.

{¶ 6} At the close of the State's case in chief, Hayes moved for a judgment of acquittal under Crim.R. 29 on the aggravated menacing charge, to which the State did not object.   Hayes also moved for acquittal on the domestic violence charge, arguing that there was insufficient evidence to show that F.G. had been a household member with Hayes. Hayes argued that, even if he was frequently at F.G.'s residence, no witness testified with personal knowledge that he and F.G. had lived together "as a spouse or household member." The trial court granted Hayes's motion for acquittal on the aggravated menacing charge but denied his motion on the domestic violence charge, finding that, viewing the evidence in a light most favorable to the State, reasonable minds could come to different conclusions regarding F.G.'s household member status in relation to Hayes.

{¶ 7} Hayes was found guilty of assault and domestic violence, but the charges were merged and he was sentenced on the domestic violence charge. He appeals.

## II.    Assignment of Error

{¶ 8}   Hayes asserts the following sole assignment of error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION FOR RULE 29 ACQUITTAL ON THE DOMESTIC VIOLENCE CHARGE.

{¶ 9} Pursuant to Crim.R. 29(A), a court, on motion of a defendant or on its own motion, "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Civ.R. 29(A). "Because a Crim.R. 29 motion tests the sufficiency of the evidence presented at trial, rulings on Crim.R. 29 motions are reviewed under the same standards that apply to a review for sufficiency of the evidence." *State v. Kennard*, 2022-Ohio-2055, ¶ 17 (2d Dist.), citing *State v. Baker*, 2010-Ohio-2633, ¶ 16 (2d Dist.); *State v. Crabtree*, 2019-Ohio-3686, ¶16 (2d Dist.), citing *State v. Williams*, 74 Ohio St.3d 569, 576 (1996).

{¶ 10} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law." *Kennard* at ¶ 18, quoting *State v. Wilson*, 2009-Ohio-525, ¶ 10 (2d Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *Id.*, quoting *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997). "An appellate court undertakes de novo review of the trial court's decision on a Crim.R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt." *State v. Sparks*, 2011-Ohio-3868, ¶ 32 (2d Dist.), citing *State v. Turner,* 2002 WL 10491 (2d Dist. Jan. 4, 2002).

{¶ 11} R.C. 2919.25 proscribes domestic violence and provides that "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member." A "family or household member" includes "a person living as a spouse," which is defined as "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(1)(a)(i) and (2). Cohabitation includes "(1) sharing of familial or financial responsibilities and (2) consortium." *State v. Williams*, 79 Ohio St. 3d 459, 465 (1997), citing R.C. 2919.25(E)(2) and related statutes. "Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations." *Id*. The weight to be given to each of these factors is decided by the trier of fact. *Id*.

{¶ 12} In this case, the jury found Hayes guilty of domestic violence in violation of R.C. 2919.25(A). Domestic violence is committed when a person "knowingly cause[s] . . . physical harm to a family or household member." R.C. 2919.25(A). Hayes argues that the trial court erred by denying his motion for acquittal on the domestic violence charge, contending that the State did not present sufficient evidence that F.G. was a "family or household member" of Hayes. According to Hayes, there was no testimony by any witness with personal knowledge that F.G. and Hayes had lived together.

{¶ 13} At trial, Karen testified that F.G. and Hayes had resided at the shared

residence for at least 13 years. Both Karen and Michael, who lived next door to F.G., had observed Hayes mowing the lawn, taking out the trash, handling groceries, and visiting other neighbors over that period of time. Under these circumstances, Karen and Michael concluded that F.G. and Hayes were cohabitating, as they shared familial responsibilities by mutually contributing to household chores and purchasing groceries. Based on their cohabitation and habits, Karen also believed that Hayes was F.G.'s "boyfriend."

{¶ 14} Considering the evidence in a light most favorable to the State, there was sufficient evidence that F.G. and Hayes had resided together, given the number of years that they had shared the residence, their mutual household responsibilities, and their apparent consortium. Thus, although reasonable minds might have reached different conclusions regarding whether F.G. was a household member of Hayes, we cannot conclude that the trial court erred in denying Hayes's Crim.R. 29 motion.

{¶ 15} Hayes's assignment of error is overruled.

### III. Conclusion

{¶ 16} Having overruled Hayes's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.